CHRISTOPHER Q. PHAM, SBN: 206697
    E-mail: cpham@criterioncounsel.com
MARCUS F. CHANEY, SBN: 245227
    E-mail: mchaney@criterioncounsel.com
HUNG PAUL Q. PHAM, SBN: 276613
    E-mail: ppham@criterioncounsel.com
CRITERION COUNSEL, LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; and BAYERISCHE MOTOREN WERKE AG, a German corporation,<br><br>              Plaintiffs,<br><br>       v.<br><br>TYMOFIY ZADOYNOV, an individual; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.:  2:24-cv-01520<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) FEDERAL TRADEMARK INFRINGEMENT & COUNTERFEITING [15 U.S.C. § 1114/*Lanham Act* § 32(a)]<br><br>(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham A*ct § 43(a)]<br><br>(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]<br><br>(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiffs BMW of North America, LLC ("BMW NA") and Bayerische Motoren Werke AG ("BMW AG") (collectively "BMW" or "Plaintiffs") hereby file their Complaint for Damages ("Complaint") against Defendant Tymofiy Zadoynov ("ZADOYNOV"), and Does 1-10, inclusive (collectively "Defendants").

**PARTIES**

1.      Plaintiff BMW NA is a Delaware limited liability company registered to conduct business in the State of California with its principal place of business located in Woodcliff Lake, New Jersey. BMW NA is an indirect subsidiary of BMW AG.  BMW NA is a sales and distribution company that is the importer and exclusive authorized distributor of "BMW", "BMW M" and "MINI" vehicles and related products in the United States. Where affirmative conduct by a BMW entity is alleged to have occurred in the United States, reference is to BMW NA.

2.      Plaintiff BMW AG is a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany, and is the owner of the trademarks asserted in this action. BMW AG designs and manufactures motor vehicles, emblems, wheels, grilles, and other parts in Germany and other countries and for export and sale throughout the world. The motor vehicles, parts and other goods are imported into, and marketed and distributed in the United States by BMW NA.

3.      Plaintiffs are informed and believe, and on that basis allege, that Defendant ZADOYNOV is an individual residing in Roseville, California.

4.      Plaintiffs are informed and believe, and on that basis allege, that Defendant ZADOYNOV, and Does 1-10, inclusive, and each of them, were the agents, partners, joint venturers, servants, and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, partnership, joint venture, service or employment.

5.     Plaintiffs are informed and believe, and on that basis allege, that Defendant ZADOYNOV, and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein identified as Does 1-10, inclusive, are unknown to Plaintiffs.   Plaintiffs therefore sue said Doe defendants by such fictitious names, and when the true names and capacities of said Doe defendants are ascertained, Plaintiffs will seek to amend this pleading accordingly.

## JURISDICTION / VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. §§ 1331 and/or 1338(a), and supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §§ 1367(a) and 1338(b).

8.     This Court has general personal jurisdiction over Defendants inasmuch as Defendant ZADOYNOV is an individual residing in and conducting business from the State of California.

9.     In addition, Plaintiff BMW NA has significant contacts with the State of California. For example, Plaintiff BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California.   In addition, Plaintiff BMW NA operates a Vehicle Distribution Center (one of four) and Parts Distribution Centers (two of six) in California.   BMW NA has also contracted with more than fifty (50) authorized dealerships of BMW vehicles throughout the State of California.

10.     Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because, Plaintiffs are informed and believe, and on that basis allege, that a substantial part of the events or omissions giving rise to these claims occurred

COMPLAINT FOR DAMAGES

within this District, and has caused damage to Plaintiffs in this District.

## GENERAL ALLEGATIONS

### Plaintiffs and the Famous BMW Trademarks and Products

11.     Plaintiffs are in the business of designing, manufacturing, and distributing motor vehicles, motor vehicle parts and accessories, sold under various trademarks, including but not limited to:

a.     the "BMW" word mark and the BMW logo (collectively "BMW Marks"); and

b.     the M logo (the "BMW M Mark").

12.     Plaintiffs' products and marks have achieved great success since their introduction in commerce in the United States continuously since as early as 1955 for the BMW brand and since as early as 1987 for the BMW M brand.

13.     BMW NA's authorized dealerships of BMW and BMW M vehicles provide numerous services, such as maintenance and repair services, financing, leasing, insurance and warranty services. BMW NA also contracts with authorized dealerships of BMW and BMW M vehicles to sell a wide variety of merchandise bearing the BMW and BMW M Marks, including but not limited to apparel, mugs, bags, toys, pens and watches to customers. BMW NA has nationally marketed and distributed millions of vehicles manufactured in the United States to authorized dealerships, who have marketed and sold those vehicles in the United States.

14.     For decades, BMW NA has nationally marketed and authorized dealerships of BMW and BMW M vehicles in the United States have locally marketed both new and certified pre-owned BMW and BMW M vehicles, vehicle parts, accessories, and merchandise, and services such as rental, financing, and maintenance services. More than 340 authorized dealerships of BMW and BMW M vehicles exist in the United States.

15.     Plaintiffs' commercial success under the BMW and BMW M Marks in the United States and around the world has been tremendous. BMW NA has

distributed and sold to authorized dealerships of BMW and BMW M vehicles many billions of dollars of products and services under the BMW and BMW M Marks in the United States over the years. Plaintiffs' motor vehicles and related motor vehicle parts and accessories have earned a reputation for innovation, quality and performance and have won numerous awards in the industry in the United States and around the world.

16.     Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their marks and products. BMW NA spends tens of millions of dollars every year in the United States to extensively advertise, market, and promote products and services offered under the BMW and BMW M Marks through a variety of media, including television and print advertisements, the Internet, and high-profile sponsorships.

17.     As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the Plaintiffs' products, the BMW Marks have been prominently placed in the minds of the public. Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW and BMW M Marks, and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, Plaintiffs' BMW and BMW M Marks are famous in the United States and around the world.

18.     In use in the United States since 1955, the BMW Marks, in particular, enjoy unquestionable fame as a result of long use, extensive advertising, massive commercial success, substantial publicity, and favorable public acceptance and recognition. Indeed, the BMW Marks have become among the most recognized brands in the world, and have consistently been ranked in many top-100 lists for years, including No. 22 in "100-top Most Powerful Brands" by Tenet Partners in 2017, No. 20 in "The World's Most Valuable Brands" by Forbes in 2018, and No.

13 in "Best Global Brands" by Interbrand in 2018, among many others.

19. Furthermore, federal district courts have recognized that the BMW Marks are famous. *See BMW of N. Am., LLC v. Eurotech Wheels, LLC*, No. 08 CV 0171 JM (WMC), 2008 WL 11337018, at *1 (S.D. Cal. July 25, 2008) (finding that the BMW Word Mark and BMW Logo are both famous); *BMW of N. Am., LLC v. Quality Star Benzz LLC*, No. 2:12-CV-00889-GMN, 2013 WL 1338233, at *1 (D. Nev. Mar. 29, 2013) ("BMW NA has expended millions of dollars in advertising across the United States in connection with its Marks [including the BMW Logo] making them famous.").

### BMW AG's Registered Trademarks

20. Although Plaintiffs have gained significant common law trademark rights based on their use in commerce of the BMW and BMW M Marks, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations.

21. Plaintiff BMW AG is the exclusive owner of numerous federally registered and common law trademarks.

22. Plaintiff BMW AG owns United States Patent and Trademark Office ("U.S.P.T.O.") certificates of registrations for the following BMW and BMW M Marks relevant to this action (collectively the "BMW Trademarks").

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
|---|---|---|
| BMW | 0611710 9-6-1955 | Automobiles in class 12. |
| BMW | 5333863 11-14-2017 | Land vehicles and various parts and accessories for land vehicles, including structural parts, side grills being vehicle trim, badges, wheels, hubcaps, valve stem caps, exterior and interior insignia badges |

| Mark | Reg. No.<br>Reg. Date | Goods and Services<br>(Summary) |
|---|---|---|
| | | for vehicles and vehicle parts, namely, insignia for vehicles and other goods in class 12. |
|  | 613465<br>10-4-1955 | Automobiles and parts thereof in class 12. |
|  | 1450212<br>8-4-1987 | Land vehicles and parts therefor not included in other classes; wheels; rims for vehicle wheels; as well as various other goods in class 12;<br>(Various other goods and services in Classes 1, 2, 3, 4, 5, 6, 8, 9, 11, 14, 16, 18, 20, 21, 24, 25, 26, 28, 34, 35, 36, 37, 39, and 41.) |
|  | 5333865<br>11-14-2017 | Land vehicles and parts thereof, including wheels, rims for vehicle wheels, hubcaps, hubs for vehicle wheels, exterior and interior insignia badges for vehicles and vehicle parts, namely, insignia for vehicles in class 12. |
|  | 5333900<br>11-14-2017 | Land vehicles and various parts and accessories for land vehicles, including structural parts, side grills being vehicle trim, badges, wheels, hubcaps, valve stem caps,  exterior and interior insignia badges for vehicles and vehicle parts, namely, insignia for vehicles and other goods in class 12. |

COMPLAINT FOR DAMAGES

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
| --- | --- | --- |
| BMW M | 4541350 6-3-2014 | Automobiles and their parts, namely, structural parts, wheels, steering wheels, door sills, gear shift knobs, headrests, seats, tire valve stem caps, license plate frames, badges for motor vehicles being trim; automotive body kits comprising external structural parts of automobiles; engines for land motor vehicles in class 12. |
|  | 3767662 3-30-2010 | Motor vehicles being land vehicles and their parts, namely, gear shift knobs in class 12. |
|  | 3767663 3-30-2010 | Automobiles and their structural parts; parts of automobiles, namely, gear shift knobs in class 12. |
|  | 5522663 7-24-2018 | Automobiles and their structural parts; parts of automobiles, namely, gear shift knobs in class 12. |

23. The federal trademark registrations listed above are prima facie evidence of BMW's ownership and the validity of those registered trademarks. Further, many of these registrations are incontestable, and thus constitute conclusive evidence of BMW's exclusive right to use those marks for the products and/or services specified in those registrations pursuant to 15 U.S.C. §§1065 and 1115(b).

- 8 -
COMPLAINT FOR DAMAGES

24.     Plaintiff BMW AG owns the BMW Trademarks.

25.     Plaintiff BMW AG has authorized and consented to Plaintiff BMW NA's use of the BMW Trademarks in the United States.

26.     Plaintiffs have never authorized or consented to Defendants' use of the BMW Trademarks in commerce, or any confusingly similar marks by Defendants.

### Defendants' Infringing Conduct

27.     Beginning on a date that is unknown to Plaintiffs and continuing to the present, Plaintiffs are informed and believe, and on that basis allege, that Defendants have, without the consent of Plaintiffs, imported, offered for sale, sold and distributed infringing replica BMW and BMW M automobile parts and accessories, including but not limited to automobile shift knobs to consumers that were publicly displayed and sold using the BMW Trademarks in advertising, that bear counterfeit BMW Trademarks, and that were not manufactured by Plaintiffs or any manufacturer authorized by Plaintiffs.

28.     Plaintiffs are informed and believe, and on that basis allege, that Defendants use an account(s) registered with eBay, Inc. to offer for sale replica BMW and BMW M automobile parts and accessories to consumers on the eBay.com website using BMW Trademarks in advertising and to sell and distribute replica BMW and BMW M logo automobile shift knobs – among other things – to consumers that bear counterfeit BMW Trademarks.

29.     Plaintiffs are informed and believe, and on that basis allege, that Defendants currently operate on eBay.com under the seller ID "*ts-auto*" and previously operated on eBay.com under the seller ID "*timvit_auto*."

30.     On February 3, 2023, in their ongoing investigation of infringing uses of BMW Trademarks and online advertisements and sales of products bearing counterfeit BMW Trademarks, Plaintiffs' investigator purchased what was advertised for sale online as "ZHP 5-SPEED BMW M Leather Shift Knob E30 E36

E46 E34 E90 E92 M3  OEM 25117896031" (eBay item number:  325319200712) by eBay seller ID "*timvit_auto*" for a total purchase price of $56.95 USD sent from a PayPal electronic account.  A true and correct screenshot of Defendants eBay item listing for the product purchased is attached hereto as **Exhibit A**.

31.    On or around February 10, 2023, Plaintiffs' investigator received a boxed automobile shift knob, pursuant to the February 3, 2023 order from eBay seller ID "*timvit_auto*," with a shipping package and label identifying the following return address:

Tim Zadoynov

7416 Millport Dr

Roseville CA 95678-2916

32.    The automobile shift knob bearing the BMW M logo sold by Defendants was inspected by BMW to determine authenticity and was determined to be counterfeit.

33.    On April 27, 2023, Plaintiffs sent a cease-and-desist demand notice to Defendants via Certified U.S. Mail.  The Domestic Return Receipt for the Certified Mail was received back signed "Tim" with a date of delivery of May 1, 2023.

34.    Plaintiffs are informed and believe, and on that basis allege, that through such business activities, Defendants have purposefully derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California and throughout the United States.

35.    Plaintiffs are informed and believe, and on that basis allege, that Defendants violated and continue to violate Plaintiffs' exclusive rights to the BMW Trademarks and use images and marks that are identical to and/or confusing similar to the BMW Trademarks to confuse consumers and aid in the promotion and sale of infringing replica BMW and BMW M parts and accessories.

36.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' infringing uses of BMW Trademarks in commerce began long after

Plaintiffs' adoption and use of the BMW Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after the BMW Trademarks became famous. Neither Plaintiffs nor any of Plaintiffs' authorized agents have consented to Defendants' use of Plaintiffs' BMW Trademarks.

37.   Plaintiffs are informed and believe, and on that basis allege, that despite prior notice of infringement from Plaintiffs, Defendants continued to violate Plaintiffs' exclusive rights in and to the BMW Trademarks on eBay.com.

38.   Plaintiffs are informed and believe, and on that basis allege, that Defendants' actions were committed intentionally, in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants.   Through their wrongful conduct, Defendants have directly traded upon and diminished Plaintiffs' goodwill.

39.   In committing these acts, all of which have and will continue to cause irreparable harm to Plaintiffs, Plaintiffs are informed and believe, and on that basis allege, that Defendants have, among other things, willfully and in bad faith: (i) infringed, tarnished, diluted Plaintiffs' rights in the BMW Trademarks; (ii) used counterfeit BMW Trademarks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) misled the public into believing that Plaintiffs endorse Defendants products; (v) used false designations of origin on or in connection with its goods and services; and (vi) profited unfairly from such activity.   Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks & Counterfeiting by Defendant TYMOFIY ZADOYNOV, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

40.     Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 11 - 39 in this Complaint as though fully set forth in this cause of action.

41.     Plaintiffs have continuously used the BMW Trademarks in interstate commerce.

42.     Plaintiff BMW AG, as the exclusive owner of all right, title and interest in and to the BMW Trademarks, and Plaintiff BMW NA as an authorized licensee to use the BMW Trademarks in the United States with consent from Plaintiff BMW AG, have standing to maintain an action for trademark infringement under 15 U.S.C. §1114.

43.     Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW Trademarks to use BMW Trademarks in commercial advertising and/or to deal in and commercially import, sell and/or distribute products bearing the BMW Trademarks in commerce.

44.     Plaintiffs are informed and believe, and on that basis allege, that Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW Trademarks.

45.     Plaintiffs are informed and believe, and on that basis allege, that Defendants intentionally and knowingly used in commerce reproductions, counterfeits, copies and/or colorable imitations of Plaintiffs' BMW Trademarks to offer for sale, sell and distribute counterfeit goods bearing BMW Trademarks to consumers online.

46.     Plaintiffs are informed and believe, and on that basis allege, that Defendants imported, transported, offered for sale, sold and distributed counterfeit

COMPLAINT FOR DAMAGES

goods bearing Plaintiffs' BMW Trademarks in commerce in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit goods bearing Plaintiffs' BMW Trademarks.

47.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' egregious and intentional importation, sale and/or distribution of counterfeit goods bearing Plaintiffs' BMW Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs and/or authorized manufacturers.

48.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the BMW Trademarks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

49.     Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to their rights in and to the BMW Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus, Plaintiffs request injunctive relief.

50.     Plaintiffs are informed and believe, and on that basis allege, that Defendants continued knowing and willful importation, sale and distribution of goods bearing Plaintiffs' BMW Trademarks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* § 1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

1
2
3
4

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendant**
**TYMOFIY ZADOYNOV, and DOES 1 through 10, Inclusive)**
**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

5
6
7

51.   Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 11 - 39 in this Complaint as though fully set forth in this cause of action.

8
9
10
11

52.   Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW Trademarks, have standing to maintain an action for false designation of origin and unfair competition under Section 43(a) of the *Lanham Act* (15 U.S.C. § 1125).

12
13

53.   Plaintiffs' BMW Trademarks are inherently distinctive and/or have otherwise acquired distinctiveness.

14
15
16
17
18
19
20

54.   Plaintiffs are informed and believe, and on that basis allege, that Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

21
22
23
24
25
26

55.   Plaintiffs are informed and believe, and on that basis allege, that Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

27
28

56.   Plaintiffs are informed and believe, and on that basis allege, that the conduct of Defendants has been knowing, deliberate, willful, intended to cause

confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

57.   Plaintiffs are informed and believe, and on that basis allege, that Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' BMW Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

58.   Plaintiffs are informed and believe, and on that basis allege, that Defendants' egregious and intentional use, sale and distribution of fake, pirated and counterfeit automobile products bearing Plaintiffs' BMW Trademarks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW and BMW M products.

59.   Plaintiffs are informed and believe, and on that basis allege, that Defendants' continuing and knowing use of BMW Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act* (15 U.S.C. § 1125(a)), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

60.   Plaintiffs are informed and believe, and on that basis allege, that Defendants' wrongful conduct has permitted or will permit it to make substantial profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of genuine BMW and BMW M products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiffs seek damages and an accounting of Defendants' profits, and requests that

1   the Court grant Plaintiffs three times that amount in the Court's discretion.

2        61.    Plaintiffs are informed and believe, and on that basis allege, that based

3   on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well

4   as monetary damages, and other remedies as provided by the *Lanham A*ct,

5   including Defendants' profits, treble damages, reasonable attorneys' fees, costs and

6   prejudgment interest.

7   ### **THIRD CAUSE OF ACTION**

8   ### **(Trademark Dilution against Defendant TYMOFIY ZADOYNOV, and**

9   ### **DOES 1 through 10, Inclusive)**

10   ### **[15 U.S.C. § 1125(c)]**

11        62.    Plaintiffs hereby incorporate by reference each of the allegations set

12   forth in paragraphs 11 - 39 in this Complaint as though fully set forth in this cause

13   of action.

14        63.    Plaintiffs' BMW Trademarks are distinctive, and the BMW and BMW

15   M Marks are famous within the meaning of the *Lanham Act*.

16        64.    Plaintiffs are informed and believe, and on that basis allege, that

17   Defendants' unlawful actions began long after Plaintiffs' BMW Trademarks

18   became famous, and Defendants acted knowingly, deliberately and willfully with

19   the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' BMW

20   Trademarks.  Defendants' conduct is willful, wanton and egregious.

21        65.    Plaintiffs are informed and believe, and on that basis allege, that

22   Defendants' intentional use of BMW Trademarks on eBay.com and importation,

23   transportation, sale and/or distribution of fake, pirated, and counterfeit automobile

24   products bearing Plaintiffs' BMW Trademarks is likely to cause confusion,

25   mistake, or to deceive, mislead, betray, and defraud consumers to believe that the

26   substandard imitations are genuine BMW and BMW M products. The actions of

27   Defendants complained of herein have diluted and will continue to dilute the BMW

28   Trademarks and other marks, and are likely to impair the distinctiveness, strength

and value of Plaintiffs' BMW Trademarks, and injure the business reputation of Plaintiffs and their marks.

66.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm. Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

67.     As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiffs are informed and believe, and on that basis allege, that they are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendant TYMOFIY ZADOYNOV, and DOES 1 through 10, Inclusive)**

[*California Business & Professions Code* § 17200 *et seq.*]

68.     Plaintiffs hereby incorporate by reference each of the allegations set forth in paragraphs 11 - 39 in this Complaint as though fully set forth in this cause of action.

69.     Plaintiffs are informed and believe, and on that basis allege, that by marketing, advertising, promoting, selling, importing, transporting, distributing, shipping and/or otherwise dealing in counterfeit BMW and BMW M products using the BMW Trademarks on eBay.com, Defendants have engaged in unfair competition including unlawful, unfair, and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq.*

70.     Plaintiffs are informed and believe, and on that basis allege, that Defendants' unauthorized use of the BMW Trademarks on eBay.com and

COMPLAINT FOR DAMAGES

importation, transportation, sale, distribution, and other dealings in counterfeit BMW and BMW M products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

71. Plaintiffs are informed and believe, and on that basis allege, that Defendants knew or by the exercise of reasonable care should have known that their unauthorized use of BMW Trademarks on eBay.com and importation, transportation, marketing, advertising, promoting, selling, and distribution of counterfeit BMW and BMW M products would cause confusion mistake or deception among purchasers, users and the public.

72. Plaintiffs are informed and believe, and on that basis allege, that by using BMW Trademarks on eBay.com and importing, transporting, marketing, advertising, promoting, selling, distributing, and/or otherwise dealing in products bearing counterfeit versions of Plaintiffs' BMW Trademarks, Defendants intended to, did, and will continue to induce customers to purchase counterfeit products by trading off the extensive goodwill built up by Plaintiffs in the BMW Trademarks.

73. Plaintiffs are informed and believe, and on that basis allege, that the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

74. Plaintiffs are informed and believe, and on that basis allege, that Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of the BMW

- 18 -
COMPLAINT FOR DAMAGES

Trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and their actual and/or compensatory damages.

75. Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiffs seek injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG pray for judgment against Defendant Tymofiy Zadoynov, and Does 1 through 10, inclusive, and each of them, as follows:

A. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §§ 1114(a) and 1117(a);

B. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

C. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

D. For up to $2,000,000.00 per counterfeit mark, per type of goods imported, sold, offered for sale, and/or distributed under 15 U.S.C. § 1117(c);

E. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

F. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

G.     For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

K.     For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiffs, including but not limited to the BMW and BMW M Marks; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

L.     For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

M.     For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

N.     For destruction of the infringing/counterfeit articles in Defendants' possession under 15 U.S.C. § 1118;

O.     For damages in an amount to be proven at trial for unjust enrichment;

P.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.     For Plaintiffs' reasonable attorney's fees;

R.     For all costs of suit; and

S.     For such other and further relief as the Court may deem just and equitable.

COMPLAINT FOR DAMAGES

DATED:  February 23, 2024        CRITERION COUNSEL, LAW CORPORATION

By: __/s/_Marcus F. Chaney_____
Marcus F. Chaney, Esq.

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG respectfully demand a trial by jury in this action pursuant Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1.


DATED:  February 23, 2024        CRITERION COUNSEL, LAW CORPORATION

By: __/s/_Marcus F. Chaney_____
Marcus F. Chaney, Esq.

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

COMPLAINT FOR DAMAGES