JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; et al.<br><br>Plaintiffs,<br><br>v.<br><br>TYMOFIY ZADOYNOV, an individual; et al.<br><br>Defendants. | Case No.: 2:24-cv-01520 SPG (KSx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT TYMOFIY ZADOYNOV AND DISMISSAL OF ENTIRE ACTION, WITH PREJUDICE**<br><br>**[ECF NO. 20]** |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction Against Defendant Tymofiy Zadoynov and Dismissal of Entire Action, With Prejudice, (ECF No. 20), filed by Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively, "Plaintiffs") and Defendant Tymofiy Zadoynov ("Defendant"), hereby ORDERS, ADJUDICATES, and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1.      **PERMANENT INJUNCTION.**  Defendant is hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

- 1 -

i.      unlawfully copying, manufacturing, importing, exporting, purchasing, marketing, advertising for sale, offering for sale, selling, transporting, distributing or otherwise dealing in any product or service that unlawfully uses, or otherwise makes any unlawful, unauthorized use of, any of BMW's trademarks, including but not limited to the **BMW**® (U.S.P.T.O. Reg. Nos. 0,611,710; 0,613,465; 1,450,212; 5,333,863; 5,333,865; 5,333,900), and/or **BMW M**® (U.S.P.T.O. Reg. No. 4,541,350; 3,767,662; 3,767,663; 5,522,663) marks (collectively, "BMW Trademarks"), and/or any intellectual property that is unlawfully confusingly or substantially similar to, or that constitutes an unlawful colorable imitation of, any BMW Trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

ii.      knowingly advertising or displaying images and/or photographs of infringing or non-genuine BMW products using BMW Trademarks;

iii.      knowingly using BMW Trademarks, including but not limited to the BMW® and/or BMW M® trademarks in advertising to suggest that non-genuine BMW products being advertised are sponsored by, endorsed by, or are otherwise affiliated with BMW and/or advertising non-genuine BMW automotive parts using descriptions that imply that the products are genuine BMW products. Defendant may, however, use "BMW" or other BMW wordmarks to advertise non-BMW products for sale with fair use descriptions such as 'for BMW automobiles' or 'fits BMW model [specified],' or similar language, provided that "BMW" or any other BMW wordmarks that are used are in the identical font, format, size, and color as, and no more prominently displayed than, the surrounding text.  In no event may any BMW, M and/or MINI logo, design mark, or other graphical BMW Trademarks be used by Defendant under this exception for:

- 2 -

iv.    performing, or allowing others employed by Defendant or under Defendant's control to perform, any unlawful act or thing which is likely to injure Plaintiffs, any BMW Trademarks, and/or BMW's business reputation or goodwill;

v.    knowingly engaging in any acts of trademark infringement, false designation of origin, dilution, unfair business practices under California law, or other act which would tend damage or injure Plaintiffs; and/or

vi.    unlawfully using any Internet domain name, URL, or online seller name/ID that includes any BMW Trademarks.

2.    Defendant is ordered to deliver to Plaintiffs immediately for destruction all infringing or non-genuine products bearing BMW Trademarks to the extent that any of these items are in Defendant's possession, custody, or control.

3.    This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4.    The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendant.

5.    **CONTINUING JURISDICTION BY THE COURT**. The Court shall retain jurisdiction over this matter for two years to enforce any violation of the terms of this Permanent Injunction against Defendant.

6.    **NO APPEALS.** No appeals shall be taken from this Permanent Injunction against Defendant, and Plaintiffs and Defendant waive all rights to appeal.

7.    **NO FEES AND COSTS.** Plaintiffs and Defendant shall bear their own attorneys' fees and costs incurred in this matter.

- 3 -

8.    **DISMISSAL.** Upon entry of this Permanent Injunction against Defendant, the case shall be dismissed in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).


**IT IS SO ORDERED, ADJUDICATED, and DECREED.**


DATED:  July 1, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

- 4 -